UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AJAX 2018–REO LLC, C/O
GREGORY FUNDING LLC,

              Plaintiff,

        v.

ANTHONY ROSSLER et al.,

              Defendants.
_____

1:19-cv-1452
(GLS/ATB)

## SUMMARY ORDER

Before the court is *pro se* defendant Anthony Rossler's notice of removal. (Dkt. No. 1.) For purposes of this Order only, Rossler's motion for leave to proceed in forma pauperis, (Dkt. No. 2), is granted. For the reasons that follow, removal is not appropriate and the matter is remanded back to "Glenville Town Court, Schenectady County." (Dkt. No. 1 at 2.)

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks, alterations, and citation omitted). Once served

with a pleading that meets the requirements of § 1446(a), the defendant must file a notice of removal within thirty days. *See* 28 U.S.C. § 1446(b). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). "Section 1446 of Title 28 details the procedure by which a defendant may seek to remove a civil action or criminal prosecution from State court." *People v. Parenteau*, No. 09-CV-681, 2009 WL 2256924, at *3 (N.D.N.Y. July 28, 2009) (citation omitted). "A successful petition for removal . . . must allege a proper basis for removal under [S]ections 1441 through 1445 of Title 28." *Id.* (citation omitted). To remove a civil action from state court, a defendant:

> shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

28 U.S.C. § 1446(a) (emphasis added). Although the failure to file all of the state court papers may be curable in certain instances, such failure may require remand. *See Tanner v. Heffernan Ins. Brokers*, No. 6:19-cv-

2

00255, 2019 WL 1791518, at *5 (N.D.N.Y. Apr. 24, 2019) (discussing a split in the Second Circuit as to whether the failure to file all of the papers is a jurisdictional defect or whether it is curable).

Here, Rossler's notice of removal does not comply with § 1446(a), because he did not file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." In fact, all that Rossler attaches to his notice of removal is a civil cover sheet. Failure to file all—or in this case, any—of the state court papers is problematic for several reasons.

First, although Rossler states that he "was served . . . during the last month, 2019," (Dkt No. 1 at 3), without copies of the papers that were served upon Rossler, the court is unable to determine whether his notice of removal is timely. In any event, even assuming Rossler's notice was timely, in solely reviewing the notice without any additional papers, the court cannot ascertain whether jurisdiction exists. *See* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3733 (Rev. 4th ed. 2019) ("Although Section 1446(a) is designed to simplify the statement of the grounds for removal, the removal notice must make the basis for federal jurisdiction clear, and contain enough information so that the district

judge can determine whether jurisdiction exists." (citations omitted)). Section 1332(a) sets forth the requirements for diversity jurisdiction, and, although Rossler claims that the amount in controversy exceeds $75,000, he has not provided sufficient facts to establish that all of the parties are diverse.[1]  Similarly, Rossler has not sufficiently shown that § 1331 federal question subject matter jurisdiction exists.

Finally, although Rossler states that the court has jurisdiction under § 1443(1), (Dkt. No. 1 at 3), removal pursuant to that section requires the satisfaction of a two-pronged test.  *See Village of Port Chester v. Port Chester Yacht Club, Inc.*, 598 F. Supp. 663, 665 (S.D.N.Y. 1984) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219-22 (1975)).  "First, the right denied the removal petitioner must arise under federal law providing specific civil rights stated in terms of racial equality.  Second, the removal petitioner must be denied or unable to enforce the specified federal rights in the state courts."  *Id.*  Rossler has made no such showing here.  Thus,

---

[1] "In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." *Tanner*, 2019 WL 1791518, at *4 (N.D.N.Y. Apr. 24, 2019) (citation omitted). However, here, in the civil cover sheet, Rossler simply checked the box that defendant is a "citizen of this state" and that plaintiff is "incorporated and principal place of business is another state." (Dkt. No. 1, Attach. 1.)

4

even if the court were to ignore the removal procedure pursuant to § 1446(a), Rossler has not sufficiently alleged or shown a basis for the court's jurisdiction.

As such, the matter is remanded back to "Glenville Town Court, Schenectady County," in which Rossler states the action was originally commenced. (Dkt. No. 1 at 2.)

Accordingly, it is hereby

**ORDERED** that this matter be **REMANDED** to Glenville Town Court, Schenectady County; and it is further

**ORDERED** that the Clerk transmit a copy of this Summary Order to the Clerk of the Glenville Town Court, Schenectady County; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

December 18, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge